IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BURDEN TEED,<br>　　　　Plaintiff,<br>　　v.<br>JAMES "JIMMY" CHEN, et al.,<br>　　　　Defendants. | Case No. 22-cv-02862-CRB<br><br>**ORDER STAYING ALL PROCEEDINGS** |

Plaintiff Richard Burden Teed ("Teed") brings this action against James "Jimmy" Chen ("Chen") and Chen Trading Management LLC ("CTM"), for mismanagement of Teed's Bitcoin. While Teed's motion to dismiss and motions to strike Chen's answer and counterclaims were pending, Chen filed for Chapter 13 bankruptcy. See dkt. 64. Under 11 U.S.C. § 362, all proceedings against Chen are automatically stayed. As a result, the Court stayed this action and vacated the hearing on Teed's motions. Dkt. 65. Today, Teed's counsel filed a letter on the docket, arguing that the bankruptcy stay only applies to Chen himself and not co-defendant CTM, and asks the Court to reset the hearing date on the motions and the case management conference. See dkt. 66.

While a bankruptcy stay does not typically stay an action as to non-bankrupt co-defendants, courts have carved out a limited exception where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." United States v. Dos Cabezas Corp., 995 F.2d 1486, 1491 n.3 (9th Cir. 1993) (quoting A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986)). Neither Teed's claims—nor the litigation thus far—meaningfully differentiate between Chen and CTM: CTM is described in the complaint as "owned and

operated by Defendant Chen within the state of California," Am. Compl. (dkt. 34) ¶ 21; all but one of Teed's claims were lodged against both defendants, see id. ¶¶ 87–207; the defendants were served at the same address, see dkts. 6–8; and they are represented by the same counsel. This appears to be precisely the situation where the so-called "unusual circumstances" exception would apply. See, e.g., J & J Sports Prods., Inc. v. Brar, No. 2:09-CV-3394-GEB-EFB, 2012 WL 4755037, at *2 (E.D. Cal. Oct. 3, 2012) (staying proceedings where the two defendants were served at the same address, the claims against them are identical, and they were both sued d/b/a the same entity).

However, even if the Court lacks authority to extend the bankruptcy stay to CTM, see, e.g., Rosen v. Urb. Commons, LLC, No. 20-019730-JLS, 2021 WL 3264146, at *2 (C.D. Cal. July 23, 2021), it still retains inherent authority "to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863–64 (9th Cir. 1979)). Continuing this litigation against Chen's LLC while it is stayed against Chen himself would require relitigation of many identical issues once the bankruptcy stay is lifted, creating manifest inefficiencies for the Court and the parties. See Brar, 2012 WL 4755037, at *2; HML Holdings, LLC v. Romero, No. 21-CV-00380-BAS-BLM, 2021 WL 4751168, at *2–3 (S.D. Cal. Oct. 12, 2021).

**CONCLUSION**

For the foregoing reasons, all proceedings in this matter are stayed pending resolution of Chen's bankruptcy petition. Upon termination of the bankruptcy proceeding or an order granting relief from the automatic stay in that proceeding, the parties shall, within 14 days, file a status report and stipulation restarting the briefing schedule on Teed's pending motion to dismiss and motions to strike.

**IT IS SO ORDERED.**

Dated: July 13, 2023



CHARLES R. BREYER
United States District Judge